**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TERRELL TAYLOR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOSHUA PIPIK, et al., ) <br> ) <br> Defendants. ) <br> ) <br> ) | Civil Action No. 2:24-cv-00146-KT <br><br> District Judge Cathy Bissoon <br><br> Magistrate Judge Kezia O. L. Taylor <br><br> ECF No. 26 <br> ECF No. 30 |

### REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that Defendants Pipik's, Marcelle-Rudolph's, and Contis' Motion to Dismiss, ECF No. 26, be granted in part and denied in part. The Motion should be granted as to Plaintiff's Due Process claim against Defendant Pipik, and this claim should be dismissed, with prejudice. It is further recommended that the Motion be denied in all other respects without prejudice to later renewal if and as appropriate.

It is respectfully recommended that Defendant Finerty's Motion to Dismiss, ECF No. 30, be granted in part and denied in part. The Motion should be granted as to Plaintiff's Due Process claim and this claim should be dismissed, with prejudice. It is further recommended that Defendant Finerty's Motion be denied in all other respects without prejudice to later renewal if and as appropriate.

It is further recommended that the Court stay and administratively close this case until Plaintiff's pending criminal proceedings have concluded, at which time Plaintiff may file a Motion to re-open this case.

II.  **REPORT**

   A.  **Procedural History**

Plaintiff Terrell Taylor ("Plaintiff") initiated the instant lawsuit on February 2, 2024, with the filing of a Motion to Proceed *in forma pauperis*. ECF No. 1. Plaintiff's Motion was granted and his Complaint was docketed on February 6, 2024. ECF Nos. 4, 5. Plaintiff filed an Amended Complaint on March 7, 2024, which is the operative pleading here. ECF No. 11. As Defendants, Plaintiff has named several employees of the Pennsylvania Board of Probation and Parole ("PBPP") – Pipik, Marcelle-Rudolph, and Contis ("Parole Defendants"), and Finerty, a police officer of the McKees Rocks Police Department.

In his Amended Complaint, Plaintiff brings claims under the Fourth and Fourteenth Amendments to the United States Constitution related his November 10, 2022 arrest and subsequent incarceration in Allegheny County Jail. ECF No. 11, *generally*. Defendants filed timely Motions to Dismiss, ECF Nos. 26, 30, and Plaintiff filed his responses thereto.[1] ECF Nos. 39, 41. On July 23, 2024, Defendant Finerty submitted his reply. ECF No. 42. Defendants' Motions to Dismiss are now ripe for review.

   B.  **Factual Allegations**

On November 10, 2022, in the presence of Defendant Finerty, Plaintiff's home was searched by several parole agents, including Parole Defendant Pipik, after Defendant Finerty gave

---

[1] On June 4, 2024, Parole Defendants Pipik and Marcelle-Rudolph filed their Motion to Dismiss at ECF No. 26 and Parole Defendant Contis filed her Motion to Dismiss at ECF No. 28. Having reviewed these Motions, along with the supporting Briefs, the Court could not discern any differences between the two filings and reached out to counsel for Parole Defendants regarding the apparent duplicate submissions. Counsel advised that because not all Parole Defendants were linked to the original filing, the Motion was refiled to reflect that it is filed on behalf of all Parole Defendants. To avoid confusion, this Report and Recommendation will refer to ECF No. 26 as Parole Defendants' 12(b)(6) Motion.

2

an "anonymous tip" relating to Plaintiff's involvement in criminal activity. ECF No. 11 at 6. While the search did not result in any contraband being found in Plaintiff's residene, Plaintiff was nevertheless taken to McKees Rocks Police Department where he was questioned by Defendant Finerty and advised that he was being charged with a crime and arrested. *Id*. Defendant Finerty transported Plaintiff to the Allegheny County Jail, where Plaintiff remained until December 18, 2023. *Id*. Plaintiff asserts that he was detained by PBPP for a probation violation and because he was not actually charged with a crime, the detention was due to a technical violation, which Plaintiff denies he committed. *Id*.

On December 8, 2022, Plaintiff participated in a *Gagnon I* hearing before a Hearing Examiner, during which Parole Defendant Pipik testified that Plaintiff was being detained as part of a criminal investigation and that criminal charges would be forthcoming. *Id*. The Hearing Examiner recommended for Plaintiff to be released to a work-release program and that his *Gagnon II* be scheduled "immediately." *Id*. Plaintiff asserts that he did not receive the *Gagnon II* hearing, nor was he provided with written notice of the technical violations for which he was being detained. *Id*.

Plaintiff brings a Fourth Amendment claim against Defendant Finerty and Parole Defendant Pipik for "unlawful arrest and seizure." *Id*. at 7. Plaintiff brings a Fourteenth Amendment claim against Parole Defendants Pipik, Marcelle-Rudolph, and Contis for failing to schedule his *Gagnon II* hearing. *Id*. As relief, Plaintiff seeks actual and punitive damages.

### C. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled factual allegations in

the complaint and views them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). Because Plaintiff is proceeding *pro se*, the allegations in the complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The "court[] generally consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" when considering a motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)).

### D. Discussion

#### 1. Fourteenth Amendment Due Process Claim

Plaintiff's due process claim against Parole Defendants is premised on his representation that Plaintiff was not afforded a *Gagnon II* hearing after his November 10, 2022 arrest. ECF No. 11 at 7. However, a review of Plaintiff's criminal docket, No. CP-02-CR-0013237-2016, reveals that Plaintiff's *Gagnon II* hearing was held on March 16, 2023.[2] Indeed, "it is well-established that a court need not accept as true allegations contained in a complaint that are contradicted by matters of which the court may take judicial notice." *Mollett v. Leith*, No. 09-cv-1192, 2011 WL 5407359, at *2 (W.D. Pa. Nov. 8, 2011) (internal citations omitted). Since the *Gagnon II* hearing took place, Plaintiff's due process claim fails as a matter of law. As such, it is respectfully

---

[2] Courts within the Third Circuit have held that a court may take judicial notice of court dockets at the motion to dismiss stage. *See In re Congoleum Corp.*, 426 F.3d 675, 679 n.2 (3d Cir. 2005) (taking judicial notice of "state court proceedings insofar as they are relevant"); *Mollett v. Leith*, 2011 WL 5407359, at *2 (W.D. Pa. 2011) ("A court may also take judicial notice of the docket in Plaintiff's underlying criminal trial.") *aff'd sub nom. Mollett v. Leicth*, 511 Fed. App'x 172 (3d Cir. 2013).

recommended that Plaintiff's due process claim against Parole Defendants be dismissed, with prejudice.

### 2. *Heck v. Humphrey* Bars Plaintiff's Claims

All Defendants argue, *inter alia*, that *Heck* bars Plaintiff's claims. *See* ECF Nos. 27, 31. While their arguments are well-taken, they are premature.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that: "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck*, 512 U.S. at 486-87 (footnote and internal citation omitted). In other words, "a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

Here, criminal charges are currently pending against Plaintiff that relate to his November 10, 2022 encounter with Defendants. *See USA v. Taylor*, No. 23-cr-00277 (W.D. Pa. Dec. 3, 2025). As such, it would be premature for the Court to dismiss Plaintiff's Fourth Amendment claim against the Defendants because Plaintiff has not yet been convicted. Rather, in situations such as the one presented here, both the Supreme Court and the Third Circuit allow for a district court to stay a civil action until the related criminal case has ended.

In *Wallace v. Kato*, 549 U.S. 384 (2007), the United States Supreme Court provided:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in

5

> a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. See *id.,* at 487–488, n. 8, 114 S.Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 730, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok,* 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck,* 512 U.S., at 487, 114 S.Ct. 2364.

*Id*. at 393 and 394.

The Third Circuit relied on this approach in *McKinney v. Prosecutor Cnty. Prosecutor's Off.*, 612 F. App'x 62 (3d Cir. 2015), where the Court afforded the trial court latitude to stay the case pending the outcome of Plaintiff's related criminal proceedings. There, the Court explained:

> The District Court dismissed McKinney's malicious prosecution claims under *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), but McKinney's criminal case was still pending at the time. *Heck* does not apply to "an anticipated future conviction." *Wallace v. Kato,* 549 U.S. 384, 393, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). The Supreme Court has noted that a proper course of action in a situation like McKinney's would be for the District Court to stay the adjudication of the plaintiff's claim until the end of his criminal proceedings. *See id.* At that time, if the result was a determination of guilt, the District Court would then dismiss the claim under *Heck. Id.*

*Id*. at 65 and 66 (footnotes omitted).

More recently, District Judge Bissoon adopted Magistrate Judge Eddy's recommendation to stay a civil action where the asserted civil claims related to not-yet resolved criminal proceedings. *See Perrin v. Iuzzolino*, CV 16-791, 2017 WL 487123 (W.D. Pa. Jan. 11, 2017), *report and recommendation adopted sub nom. Perrin v. Izzulino*, CV 16-791, 2017 WL 478171 (W.D. Pa. Feb. 6, 2017). In *Perrin*, the Court relied on *Wallace* and *McKinney* and provided that

" . . . where the § 1983 plaintiff has yet to be convicted and his civil claims are closely related to his criminal proceedings, the Court should stay the civil action." *Perrin*, 2017 WL 487123, at *4.

The current posture of this civil action warrants the same outcome. As such, it is respectfully recommended that the Court stay and administratively close this case until the conclusion of Plaintiff's criminal proceedings.

### III.   CONCLUSION

For the above reasons, it is respectfully recommended that Plaintiff's Due Process claim be dismissed, with prejudice. It is further recommended that the Court stay and administratively close this action until Plaintiff's pending criminal proceedings have concluded. If, upon the conclusion of Plaintiff's criminal case, the charges against him are dismissed or there is a verdict in his favor, Plaintiff may file a motion to re-open this case. If and when this occurs, Defendants will be able to renew their Motions to Dismiss. In any event, it is recommended that the parties file a status report with the Court within 30 days of the conclusion of the criminal prosecution informing the Court of the outcome of the prosecution and how they intend to proceed.

In accordance with the Federal Magistrate Judge's Act, 28 U.S.C. §636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of this Report and Recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated:  January 28, 2025.

 /s/ Kezia O. L. Taylor_____
Kezia O. L. Taylor
United States Magistrate Judge

cc:    TERRELL TAYLOR
       140770
       ALLEGHENY COUNTY JAIL
       950 Second Avenue
       Pittsburgh, PA 15219

       Counsel for Defendants
       (Via CM/ECF electronic mail)