IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRELL TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | 2:24-cv-00146-CB-KT |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Judge Kezia O. L. Taylor |
| JOSHUA PIPIK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

This case has been referred to United States Magistrate Judge Kezia O. L. Taylor for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On January 28, 2025, the Magistrate Judge issued a Report (Doc. 43) recommending that the Defendants' Motions to Dismiss (Docs. 26, 28 & 30) be granted in part and denied in part. Service of the Report and Recommendation ("R&R") was made on the parties, and no objections have been filed. The Court will grant Defendants' Motions, on the basis of *Heck v. Humphrey*, and adopt the R&R as supplemented herein.

Plaintiff alleges that he was arrested on November 10, 2022; that he had a *Gagnon I* (pre-revocation of parole) hearing on December 8, 2022; and that he remained in ACJ until being released on December 18, 2023. Am. Compl. (Doc. 11) at ECF-header pg. 6 of 13. He claims that Defendants violated his 4th and 14th Amendment rights by failing to schedule a *Gagnon II* (final revocation) hearing. *Id.* Plaintiff seeks only money damages, *see id.* at 5, which is understandable given that he presently is in federal custody. The day after he was released from ACJ, on December 19, 2023, the United States filed an Indictment against him in this District,

charging him with firearms and drug offenses "on or about" the date of his arrest (November 10, 2022). *See* Indictment in 2:23-cr-00277-WSS (W.D. Pa.).

As for Plaintiff's assertion that he did not receive a *Gagnon II* hearing, the public record does not definitively establish the contrary. Assuming one or more of the Defendants' omissions were a proximate cause of the deprivation, however, Plaintiff's claims are barred. Success on his claims necessarily would imply the invalidity of the state proceedings. The case decisions recognizing the *Heck* bar are legion. Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (*Heck* extends to parole matters); *accord* Butler v. Pa. Bd. of Prob. & Parole, 613 Fed.Appx. 119, 123 (3d Cir. Jun. 1, 2015) (allegation of untimely revocation hearing barred); Connolly v. Arroyo, 293 Fed.Appx. 175, 177-78 (3d Cir. Sept. 18, 2008) (*Heck* applies even where habeas relief no longer is available because the individual has been released from custody).

The R&R applied the above standards, and has recommended a stay pending resolution of the federal criminal case. A stay is unnecessary because, even if Plaintiff successfully defends the federal charges, recovery remains unavailable. The federal charges do not speak to the validity or invalidity of his state arrest and detention.

Plaintiff cannot establish that the state proceedings terminated in his favor. The relief available to him, if any, would be enjoyment of time-served credit for the period of state detention (if he is federally convicted). Although such determinations are reserved for the Bureau of Prisons, Plaintiff should apprise his counsel in the criminal case of these developments.

Consistent with the foregoing, Defendants' Motions to Dismiss (**Docs. 26, 28 & 30**) are **GRANTED**, and this case is **DISMISSED**. The dismissal is **WITH PREJUDICE**,

because the matters herein cannot be cured by amendment.  The R&R (Doc. 43) is adopted as the

Opinion of the District Court, to the extent it is consistent with the contents herein.

    IT IS SO ORDERED.


February 17, 2025                                    s/Cathy Bissoon
                                                                                  Cathy Bissoon
                                                                                  United States District Judge

cc (via ECF email notification):

All Counsel of Record


cc (via First-Class U.S. Mail):

Terrell Taylor
140770
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA  15219